No. 9480.

POOR *v*. THE PEOPLE.

1. CRIMINAL LAW—*Province of the Jury*. It is for the jury to determine the credibility of witnesses, and decide all questions of fact. A conviction upon sufficient evidence will not be disturbed.

2. ERROR—*Harmless Error.*  Error not substantially prejudicial to the accused will be disregarded on error.

3. *Conviction Construed.*  Information under the statute (Laws 1911 c.179) for non-support of an illegitimate child.  Judgment that defendant pay a certain sum monthly &c., until the further order of the court, "and execute a bond in the sum &c. for the faithful performance &c., and upon failure, to be transported to the penitentiary to be there kept in close confinement at hard labor for three months," *held* a sufficient compliance with the statute.

*Error to Larimer County Court, Hon. Jay H. Bouton, Judge.*

Mr. L. D. THOMASON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, attorney general, Mr. J. W. KELLEY, of counsel, Mr. VICTOR E. KEYES, attorney general, and Mr. FORREST NORTHCUTT, assistant attorney general, for The People.

Opinion by Mr. Justice Allen:

THE plaintiff in error was convicted in the County Court of Larimer County upon trial, before a jury, under an information charging him, under chapter 179 S. L. 1911, with the non-support of an illegitimate child, of which he is alleged to be the father.

The only issue of fact, concerning which there is any controversy, is whether or not the defendant is the father of the child in question.  It is contended by the defendant that the evidence "overwhelmingly proves that defendant did not have sexual relations with (the prosecuting witness) at a time when it was possible for him to be the father of her child."

The prosecuting witness, the mother of the child, testified to an act of sexual intercourse with the defendant on June 24, 1917.  This date is admitted to be within a period of time during which the child is likely to have been begotten. It was born March 24, 1918.  Other witnesses testified that the defendant was at the home of the prosecuting witness several times during the months of May and June, 1917,

usually on a Sunday.  There was also testimony to the effect
that the defendant was the only man who visited, or kept
company with, the prosecuting witness during the month
of June, 1917.

The defendant offered evidence tending to establish an
alibi as to June 24, 1917, and also as to other Sundays in
that month.  He also testified that he had no sexual inter-
course with the prosecuting witness at any time "from De-
cember, 1916, until October, 1917."

It was the province of the jury to determine the credi-
bility of the witnesses, the weight of their testimony, and
to decide the facts.  There was sufficient evidence to sup-
port the verdict.  The conviction cannot be disturbed on
any ground relating to the alleged insufficiency of the evi-
dence.  17 C. J. 254, et'seq.; *Hamilton v. People,* 63 Colo.
314, 165 Pac. 761.

The defendant further contends that the judgment or
sentence, as given in the instant case, is not authorized by
the statute and is, on this account, a nullity.  The judgment
is as follows:

"Whereupon, it is the sentence of the court that the de-
fendant do pay for the support of the child involved in this
prosecution the sum of $12.50 per month until the further
order of this court, and that he do execute a bond in the
sum of $500.00 for the faithful performance of the terms
imposed herein, and upon failure to execute the bond as
aforesaid, that he be taken from the bar of this court
*    *    *    and transported    *    *    *    to the penitentiary
*    *    *    to be kept in close confinement, at hard labor, for
the period of three months."

Without deciding or stating what is or may be a correct
or proper form of judgment, in cases of this kind, we find
that the judgment, in the instant case, both in form and in
substance, sufficiently complies or accords with the pro-
visions of the statute as to preclude a reversal.  The judg-
ment imposes upon the defendant no greater burden or
punishment than that authorized by the statute.  It gives
him the same opportunity to avoid the penalty of imprison-

ment in the penitentiary as would be given by a judgment
in some other form under section 1 of the act, where it is
provided, among other things, that the court "may in lieu
of the penalty" of imprisonment in the penitentiary for a
period not exceeding one year, "accept from the person con-
victed a bond,  *  *  *  in such penal sum, not exceeding
one thousand dollars,  *  *  *  conditioned that he will
comply with the provisions of this act, or perform the con-
ditions required by the court for his compliance with this
act in case he is placed on probation.  *  * . *"
Assuming, without conceding or deciding, that the judgment
is in any respect erroneous, the error is in no way preju-
dicial to the defendant. As said in 17 C. J. 356, sec. 3719,
"errors in a judgment which are not substantially preju-
dicial to defendant do not constitute a ground for reversal."

We find no reversible error in the record, and the judg-
ment is therefore affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.